IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILIN BEHEER B.V. and<br>FLOORING INDUSTRIES LTD., SARL<br><br>               Plaintiffs,<br><br>v.<br><br>PERGO, (EUROPE) AB and<br>PERGO, LLC<br>               Defendants. | Civil Action No. 1:08-cv-304-GMS<br><br>JURY DEMANDED |

**DEFENDANT PERGO, LLC'S ANSWER AND COUNTERCLAIMS TO UNILIN BEHEER B.V. AND FLOORING INDUSTRIES LTD., SARL'S COMPLAINT**

Defendant Pergo, LLC, hereby responds to the allegations contained in the Complaint for patent infringement filed by Plaintiffs Unilin Beheer B.V. ("Unilin Beheer") and Flooring Industries Ltd., sarl ("Flooring Industries") (collectively, "Unilin") as follows:

**THE PARTIES**

1. Upon information and belief, Pergo, LLC admits the allegations in paragraph 1 of Unilin's Complaint.

2. Upon information and belief, Pergo, LLC admits the allegations in paragraph 2 of Unilin's Complaint.

3. Pergo, LLC admits the allegations in paragraph 3 of Unilin's Complaint.

4. Pergo, LLC admits the allegations in paragraph 4 of Unilin's Complaint.

5. Pergo, LLC admits that it manufactures laminated floor panels in North Carolina, and also imports laminated floor panels into North Carolina. Pergo, LLC further admits that it sells and/or offers to sell its laminated flooring panels in the United States, including in the

1

District of Delaware. Pergo, LLC otherwise denies the allegations in paragraph 5 of Unilin's Complaint.

6.  Pergo, LLC admits that its products are and have been sold under a variety of brand names including Everyday, Accolade, Accolade Tiles, Vintage Home, Naturals, Preferred, Select, American Cottage, Casual Living Presto, Global Passage and World Traveler. Pergo, LLC further admits that certain of these products, including Naturals, Preferred, American Cottage, Casual Living, Presto, and Global Passage are available for purchase at Home Depot and Lowe's stores throughout the United States, including in Delaware, as well as over the internet. Pergo, LLC also admits that certain of these products, including Everyday, Accolade, Accolade Tiles, Vintage Home, Select, and World Traveler are available at special retailers throughout the United States, including in Delaware, and over the internet. To the extent that paragraph 6 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

7.  Pergo, LLC admits that U.S. Patent No. 6,006,486 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on December 28, 1999, and that the assignee is Unilin Beheer. To the extent that paragraph 7 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

8.  Pergo, LLC admits that U.S. Patent No. 6,490,836 B1 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on December 10, 2002, and that the assignee is Unilin Beheer. To the extent that paragraph 8 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

9. Pergo, LLC admits that U.S. Patent No. 6,874,292 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on April 5, 2005, and that the assignee is Unilin Beheer. To the extent that paragraph 9 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

10. Pergo, LLC admits that U.S. Patent No. 6,928,779 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on August 16, 2005, and that the assignee is Unilin Beheer. To the extent that paragraph 10 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

11. Pergo, LLC admits that U.S. Patent No. 6,955,020 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on October 18, 2005, and that the assignee is Unilin Beheer. To the extent that paragraph 11 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

12. Pergo, LLC admits that U.S. Patent No. 6,993,877 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on February 7, 2006, and that the assignee is Unilin Beheer. To the extent that paragraph 12 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

13. Pergo, LLC admits that U.S. Patent No. 7,040,068 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on May 9,

2006, and that the assignee is Unilin Beheer. To the extent that paragraph 13 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

14. Pergo, LLC admits that U.S. Patent No. 7,328,536 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on February 12, 2008, and that the assignee is Unilin Beheer. To the extent that paragraph 14 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

15. Pergo, LLC admits that U.S. Patent No. 6,786,019 B2 is entitled "Floor Covering," and indicates on its face that the inventor is Bernard Paul Joseph Thiers, that it issued on September 7, 2004, and that the assignee is Flooring Industries. To the extent that paragraph 15 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

16. Pergo, LLC denies the allegations in paragraph 16 of Unilin's Complaint.

## JURISDICTION AND VENUE

17. In response to paragraph 17 of Unilin's Complaint, Pergo, LLC admits that Unilin purports to bring its Complaint for patent infringement pursuant to 35 U.S.C. § 101, et. seq. Pergo, LLC admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent that paragraph 17 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

18. Paragraph 18 of Unilin's Complaint is not believed to contain any allegations as to Pergo, LLC, and, to the extent that it does contain such allegations, those allegations are denied.

19. Pergo, LLC admits this Court has personal jurisdiction over Pergo, LLC. To the extent that paragraph 19 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

20. Pergo, LLC admits that it resides in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). However, the proper forum for this dispute under 28 U.S.C. § 1404 lies elsewhere. To the extent that paragraph 20 of Unilin's Complaint contains any other allegations, Pergo, LLC denies them.

## COUNT I
### (Infringement of United States Patent No. 6,006,486)

21. Paragraph 21 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

22. Pergo, LLC denies the allegations in paragraph 22 of Unilin's Complaint.

23. Pergo, LLC denies the allegations in paragraph 23 of Unilin's Complaint.

24. Pergo, LLC denies the allegations in paragraph 24 of Unilin's Complaint.

## COUNT II
### (Infringement of United States Patent No. 6,490,836 B1)

25. Paragraph 25 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

26. Pergo, LLC denies the allegations in paragraph 26 of Unilin's Complaint.

27. Pergo, LLC denies the allegations in paragraph 27 of Unilin's Complaint.

28. Pergo, LLC denies the allegations in paragraph 28 of Unilin's Complaint.

## COUNT III
### (Infringement of United States Patent No. 6,874,292 B2)

29. Paragraph 29 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

30. Pergo, LLC denies the allegations in paragraph 30 of Unilin's Complaint.

31. Pergo, LLC denies the allegations in paragraph 31 of Unilin's Complaint.

32. Pergo, LLC denies the allegations in paragraph 32 of Unilin's Complaint.

## COUNT IV
### (Infringement of United States Patent No. 6,928,779 B2)

33. Paragraph 33 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

34. Pergo, LLC denies the allegations in paragraph 34 of Unilin's Complaint.

35. Pergo, LLC denies the allegations in paragraph 35 of Unilin's Complaint.

36. Pergo, LLC denies the allegations in paragraph 36 of Unilin's Complaint.

## COUNT V
### (Infringement of United States Patent No. 6,995,020 B2)

37. Paragraph 37 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

38. Pergo, LLC denies the allegations in paragraph 38 of Unilin's Complaint.

39. Pergo, LLC denies the allegations in paragraph 39 of Unilin's Complaint.

40. Pergo, LLC denies the allegations in paragraph 40 of Unilin's Complaint.

## COUNT VI
### (Infringement of United States Patent No. 6,993,877 B2)

41. Paragraph 41 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

42. Pergo, LLC denies the allegations in paragraph 42 of Unilin's Complaint.

43. Pergo, LLC denies the allegations in paragraph 43 of Unilin's Complaint.

44. Pergo, LLC denies the allegations in paragraph 44 of Unilin's Complaint.

## COUNT VII
### (Infringement of United States Patent No. 7,040,068 B2)

45. Paragraph 45 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

46. Pergo, LLC denies the allegations in paragraph 46 of Unilin's Complaint.

47. Pergo, LLC denies the allegations in paragraph 47 of Unilin's Complaint.

48. Pergo, LLC denies the allegations in paragraph 48 of Unilin's Complaint.

## COUNT VIII
### (Infringement of United States Patent No. 7,328,536 B2)

49. Paragraph 49 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

50. Pergo, LLC denies the allegations in paragraph 50 of Unilin's Complaint.

51. Pergo, LLC denies the allegations in paragraph 51 of Unilin's Complaint.

52. Pergo, LLC denies the allegations in paragraph 52 of Unilin's Complaint.

## COUNT IX
### (Infringement of United States Patent No. 6,786,019 B2)

53. Paragraph 53 of Unilin's Complaint is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

54. Pergo, LLC denies the allegations in paragraph 54 of Unilin's Complaint.

55. Pergo, LLC denies the allegations in paragraph 55 of Unilin's Complaint.

56. Pergo, LLC denies the allegations in paragraph 56 of Unilin's Complaint.

### AFFIRMATIVE DEFENSES

57. As to Pergo, LLC, Unilin's Complaint fails to state a claim upon which relief may be granted.

58. Pergo, LLC has not infringed and is not infringing, either literally or under the doctrine of equivalents, any claim of U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; or U.S. Patent No. 6,786,019.

59. Pergo, LLC has not contributorily infringed and is not contributorily infringing any claim of U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; or U.S. Patent No. 6,786,019.

60. Pergo, LLC has not actively induced infringement and is not actively inducing others to infringe any of U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; or U.S. Patent No. 6,786,019.

61. U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; and U.S. Patent No. 6,786,019 are invalid and void for failing to meet the requirements of one or more sections of Title 35 of the United States Code.

62. Pergo, LLC is not liable for infringement of U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; and U.S. Patent No. 6,786,019 because Pergo, LLC is entitled to practice the technology embodied in those patents pursuant to a license agreement with, *inter alia*, Unilin Beheer and Flooring Industries, which has been in effect since 2004.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

As and for its Counterclaims against Counterclaim Defendants Unilin Beheer and Flooring Industries, Counterclaim Plaintiff Pergo, LLC hereby alleges:

63. Counterclaim Plaintiff Pergo, LLC is a limited liability company organized and existing under the laws of Delaware and having its principal place of business in Raleigh, North Carolina.

64. Upon information and belief, Counterclaim Defendant Unilin Beheer is a Dutch corporation with its principal place of business at Hoogveenenweg 28, 2913 LV Nieuwerkerk Ad Ijssel, Netherlands.

65. Upon information and belief, Counterclaim Defendant Flooring Industries is an Irish corporation with its principal place of business at 10b, rue des Merovingiens, ZI Bourmicht, L-8070 Bertrange, Luxembourg.

66. Upon information and belief, Counterclaim Defendant Unilin Beheer owns U.S. Patent No. 6,006,486 ("the '486 patent"); U.S. Patent No. 6,490,836 ("the '836 patent"); U.S. Patent No. 6,874,292 ("the '292 patent"); U.S. Patent No. 6,928,779 ("the '779 patent"); U.S. Patent No. 6,955,020 ("the '020 patent"); U.S. Patent No. 6,993,877 ("the '877 patent"); U.S. Patent No. 7,040,068 ("the '068 patent"); and U.S. Patent No. 7,328,536 ("the '536 patent").

67. Upon information and belief, Counterclaim Defendant Flooring Industries owns U.S. Patent No. 6,786,019 ("the '019 patent").

68. This Counterclaim arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 35 U.S.C. §§ 100 et seq., respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 2201.

69. An actual and justiciable controversy exists between Counterclaim Plaintiff Pergo, LLC, on the one hand, and Counterclaim Defendants Unilin Beheer and Flooring Industries, on the other hand, as to the infringement, validity and enforceability of the '486 patent, the '836 patent, the '292 patent, the '779 patent, the '020 patent, the '877 patent, the '068 patent, the '536 patent, and the '019 patent, as evidenced, *inter alia*, by the Complaint and Answer in this action.

### COUNT I
### (Invalidity of the '486 Patent)

70. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

71. The '486 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT II
### (Invalidity of the '836 Patent)

72.     Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

73.     The '836 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT III
### (Invalidity of the '292 Patent)

74.     Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

75.     The '292 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT IV
### (Invalidity of the '779 Patent)

76.     Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

77.     The '779 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT V
### (Invalidity of the '020 Patent)

78.     Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

79.     The '020 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT VI
### (Invalidity of the '877 Patent)

80. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

81. The '877 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT VII
### (Invalidity of the '068 Patent)

82. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

83. The '068 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT VIII
### (Invalidity of the '536 Patent)

84. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

85. The '536 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT XI
### (Invalidity of the '019 Patent)

86. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

87. The '019 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and/or 112.

## COUNT X
### (Non-infringement of the '486 Patent)

88.  Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

89.  The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '486 patent.

## COUNT XI
### (Non-infringement of the '836 Patent)

90.  Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

91.  The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '836 patent.

## COUNT XII
### (Non-infringement of the '292 Patent)

92.  Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

93.  The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '292 patent.

## COUNT XIII
### (Non-infringement of the '779 Patent)

94.  Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

95.   The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '779 patent.

### COUNT XIV
### (Non-infringement of the '020 Patent)

96.   Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

97.   The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '020 patent.

### COUNT XV
### (Non-infringement of the '877 Patent)

98.   Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

99.   The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '877 patent.

### COUNT XVI
### (Non-infringement of the '068 Patent)

100.   Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

101.   The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '068 patent.

## COUNT XVII
### (Non-infringement of the '536 Patent)

102. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

103. The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '536 patent.

## COUNT XVIII
### (Non-infringement of the '019 Patent)

104. Pergo, LLC realleges and incorporates herein by reference paragraphs 63 through 69 as set forth above.

105. The manufacture, use, sale, offer for sale, and/or importation into the U.S. by Pergo, LLC of laminate flooring products has not infringed, is not infringing, and will not infringe any valid, enforceable claim of the '019 patent.

## **PRAYER FOR RELIEF**

Pergo, LLC respectfully requests that in response to the Complaint of Unilin Beheer and Flooring Industries that this Court:

1. Dismiss Unilin's Complaint with prejudice;

2. Adjudge that Unilin is not entitled to any relief;

3. Award to Pergo, LLC the relief requested in its Counterclaims, including:

    a) A declaration that Pergo, LLC does not infringe any claim of U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; or U.S. Patent No. 6,786,019;

15

    b)  A declaration that U.S. Patent No. 6,006,486; U.S. Patent No. 6,490,836; U.S. Patent No. 6,874,292; U.S. Patent No. 6,928,779; U.S. Patent No. 6,955,020; U.S. Patent No. 6,993,877; U.S. Patent No. 7,040,068; U.S. Patent No. 7,328,536; and U.S. Patent No. 6,786,019 are invalid;

  4.  Award to Pergo, LLC its costs and disbursements of this action;

  5.  Award to Pergo, LLC such other and further relief as this Court may deem just and proper.

Dated: June 10, 2008

Respectfully submitted,

*/s/ Robert S. Saunders*
Robert S. Saunders (I.D. No. 3027)

SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Rodney Square
Wilmington, Delaware 19899
302.651.3000
Rob.Saunders@skadden.com

Edward V. Filardi
Douglas R. Nemec
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
(212) 735-3000

**Counsel for Pergo, LLC**