IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILIN BEHEER B.V. and <br> FLOORING INDUSTRIES LTD., SARL <br><br> Plaintiffs, <br><br> v. <br><br> PERGO (EUROPE) AB and <br> PERGO LLC <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 08-304-GMS <br> ) <br> )    **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' REPLY TO
### PERGO, LLC'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Plaintiffs/Counterclaim defendants Unilin Beheer B.V. ("Unilin Beheer") and Flooring Industries Ltd., sarl ("Flooring Industries") (collectively, "Plaintiffs" or "Unilin") hereby respond to the counterclaims of Defendant/Counterclaimant Pergo LLC ("Pergo") as follows:

### THE PARTIES

1. Unilin admits the allegations in paragraph 63 of Pergo's Counterclaims.

2. Unilin admits the allegations in paragraph 64 of Pergo's Counterclaims.

3. Unilin admits the allegations in paragraph 65 of Pergo's Counterclaims.

4. Unilin admits the allegations in paragraph 66 of Pergo's Counterclaims.

5. Unilin admits the allegations in paragraph 67 of Pergo's Counterclaims.

### JURISDICTION AND VENUE

6. In response to paragraph 68 of Pergo's Counterclaims, Unilin admits that Pergo purports to bring its Counterclaims for declaratory judgment pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 35 U.S.C. §§ 100 et seq., respectively. Unilin admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338 and 2201.

7. Unilin admits there is an actual controversy between Unilin and Pergo, and denies the remaining averments of paragraph 69.

## COUNT I
### (Invalidity of the '486 Patent)

8. In response to Paragraph 70 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

9. Unilin denies the allegations in paragraph 71 of Pergo's Counterclaims.

## COUNT II
### (Invalidity of the '836 Patent)

10. In response to Paragraph 72 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

11. Unilin denies the allegations in paragraph 73 of Pergo's Counterclaims.

## COUNT III
### (Invalidity of the '292 Patent)

12. In response to Paragraph 74 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

13. Unilin denies the allegations in paragraph 75 of Pergo's Counterclaims.

## COUNT IV
### (Invalidity of the '779 Patent)

14. In response to Paragraph 76 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

15. Unilin denies the allegations in paragraph 77 of Pergo's Counterclaims.

## COUNT V
### (Invalidity of the '020 Patent)

16. In response to Paragraph 78 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

17. Unilin denies the allegations in paragraph 79 of Pergo's Counterclaims.

## COUNT VI
### (Invalidity of the '877 Patent)

18. In response to Paragraph 80 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

19. Unilin denies the allegations in paragraph 81 of Pergo's Counterclaims.

## COUNT VII
### (Invalidity of the '068 Patent)

20. In response to Paragraph 82 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

21. Unilin denies the allegations in paragraph 83 of Pergo's Counterclaims.

## COUNT VIII
### (Invalidity of the '536 Patent)

22. In response to Paragraph 84 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

23. Unilin denies the allegations in paragraph 85 of Pergo's Counterclaims.

## COUNT IX
### (Invalidity of the '019 Patent)

24. In response to Paragraph 86 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

25. Unilin denies the allegations in paragraph 87 of Pergo's Counterclaims.

## COUNT X
### (Non-infringement of the '486 Patent)

26. In response to Paragraph 88 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

27. Unilin denies the allegations in paragraph 89 of Pergo's Counterclaims.

## COUNT XI
### (Non-infringement of the '836 Patent)

28. In response to Paragraph 90 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

29. Unilin denies the allegations in paragraph 91 of Pergo's Counterclaims.

## COUNT XII
### (Non-infringement of the '292 Patent)

30. In response to Paragraph 92 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

31. Unilin denies the allegations in paragraph 93 of Pergo's Counterclaims.

## COUNT XIII
### (Non-infringement of the '779 Patent)

32. In response to Paragraph 94 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

33. Unilin denies the allegations in paragraph 95 of Pergo's Counterclaims.

## COUNT XIV
### (Non-infringement of the '020 Patent)

34. In response to Paragraph 96 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

35. Unilin denies the allegations in paragraph 97 of Pergo's Counterclaims.

## COUNT XV
### (Non-infringement of the '877 Patent)

36. In response to Paragraph 98 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

37. Unilin denies the allegations in paragraph 99 of Pergo's Counterclaims.

## COUNT XVI
### (Non-infringement of the '068 Patent)

38. In response to Paragraph 100 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

39. Unilin denies the allegations in paragraph 101 of Pergo's Counterclaims.

## COUNT XVII
### (Non-infringement of the '536 Patent)

40. In response to Paragraph 102 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

41. Unilin denies the allegations in paragraph 103 of Pergo's Counterclaims.

## COUNT XVIII
### (Non-infringement of the '019 Patent)

42. In response to Paragraph 104 of Pergo's Counterclaims, Unilin incorporates its responses in paragraphs 1-7 as though restated herein in their entirety.

43. Unilin denies the allegations in paragraph 105 of Pergo's Counterclaims.

### PRAYER FOR RELIEF ON PERGO'S COUNTERCLAIMS

Unilin respectfully requests that in response to Pergo's Counterclaims this Court:

(i) Dismiss Pergo's Counterclaims with prejudice;

(ii) Adjudge that Pergo is not entitled to any relief;

(iii) Award to Unilin the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

| | |
|---|---|
| OF COUNSEL:<br><br>John M. DiMatteo<br>Steven H. Reisberg<br>Leslie M. Spencer<br>David D. Lee<br>Fara S. Sunderji<br>Ketan Pastakia<br>WILKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Tel: (212) 728-8000<br><br>Dated: July 3, 2008<br>872626 / 32995 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ David E. Moore<br>　　Richard L. Horwitz (#2246)<br>　　David E. Moore (#3983)<br>　　Hercules Plaza 6th Floor<br>　　1313 N. Market Street<br>　　P.O. Box 951<br>　　Wilmington, DE 19899<br>　　Tel: (302) 984-6000<br>　　rhorwitz@potteranderson.com<br>　　dmoore@potteranderson.com<br><br>*Attorneys for Plaintiffs Unilin Beheer B.V. and Flooring Industries Ltd., sarl* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 3, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 3, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Robert S. Saunders<br>SKADDEN, ARPS, SLATE MEAGHER<br>& FLOM LLP<br>One Rodney Square<br>Wilmington, DE 19899<br>Rob.Saunders@skadden.com | Edward V. Filardi<br>Douglas R. Nemec<br>SKADDEN, ARPS, SLATE MEAGHER<br>& FLOM LLP<br>4 Times Square<br>New York, NY 10036<br>edward.filardi@skadden.com |

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

872632 / 32995